UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JENNIFER BENAVIDEZ,<br><br>　　　　Respondent. | Case No. 22-cv-07058-JST<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, an inmate at California Medical Facility, filed this *pro se* action seeking a writ of habeas corpus.[1]  For the reasons set forth below, the Court DISMISSES this petition for a writ of habeas corpus both for lack of federal habeas jurisdiction and as second or successive, and DENIES a certificate of appealability.  Petitioner's request to proceed *in forma pauperis* is GRANTED.  ECF No. 2.

**DISCUSSION**

**A.   Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Jennifer Benavidez as respondent because she is Petitioner's current custodian.

1 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are
2 vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*,
3 908 F.2d 490, 491 (9th Cir.1990).  For the reasons set forth below, the Court dismisses this
4 petition for lack of federal habeas jurisdiction and as second or successive.

**B.     Legal Standard**

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed.  *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  This requirement is jurisdictional.  *Id.*

A federal habeas petition is "second or successive" within the meaning of § 2244 "if the facts underlying the claim occurred by the time of the initial petition, [] and if the petition challenges the same state court judgment as the initial petition."  *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)); *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (habeas petition second or successive if raises claims that were or could have been adjudicated on merits in prior petition).  A petitioner's subsequent petition challenging claims that were unexhausted at the time he filed his first petition should be considered "second or successive."  *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that district court lacked jurisdiction to review petitioner's second habeas corpus petition; there was no basis for supposing, as Ninth Circuit did, that petitioner who elected to proceed to adjudication of his exhausted claims regarding conviction in initial petition while appeal on resentencing was pending might later assert that subsequent petition on his sentencing claims was not "second or successive").

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)     (i) the factual predicate for the claim could not have been

2

> discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The district court is "without power" to entertain a second or successive petition unless the petitioner first receives authorization from the court of appeals. *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020).

**C.   Analysis**

Petitioner is challenging his conviction for attempted murder in Alameda County Superior Court Case No. H23602 and the related sentence of 12 years. ECF No. 1 at 3. Petitioner has filed a prior petition challenging this conviction and sentence: *Uhuru v. Benavidez*, C No. 22-cv-2435 JST (PR) ("*Uhuru I*"). *Uhuru I* was filed on or about April 19, 2022, and was dismissed for lack of federal habeas jurisdiction because Petitioner is not in custody pursuant to his sentence in Alameda County Superior Court C No. H23602. He was sentenced in Case No. H23602 in 2000, and the sentence would have expired on or around 2012. Petitioner's current incarceration is pursuant to his guilty plea in San Diego County Superior Court C No. SCD123050, resulting in a term of 25 years to life. Even if Petitioner successfully challenged his sentence in C No. H23602, he would not be entitled to release from custody.

The instant petition also challenges Petitioner's conviction and sentence in C No. H23602. Because Petitioner is not in custody pursuant to his sentence in Alameda County Superior Court C No. H23602, this action must be dismissed for lack of federal habeas jurisdiction, as was the case with *Uhuru I*. In addition, this petition is second or successive. In the instant petition, Petitioner claims that his conviction was based on a coerced confession; that the state provision pursuant to

3

which he was sentenced, Cal. Penal Code § 1170, is unconstitutionally vague; the restitution ordered pursuant to Cal. Penal Code § 12024(f)(3)(F) violates Ex Post Facto laws; his conviction was "obtained by a violation of the protection against discrimination through double jeopardy when collusion of ineffective assistance of counsel allowed the unconstitutional failures of the prosecution to disclose and explain defendant's evidence for civil commitment pursuant to § 2960 thru § 2981." ECF No. 1 at 6-7. Petitioner did not raise these claims in *Uhuru I* and these claims do not rely on newly discovered law or facts. This petition is therefore "second or successive" within the meaning of § 2244 because (1) the claims raised herein are not based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, and the factual predicate of these claims could have been discovered by Petitioner at the time *Uhuru I* was filed, and (2) this petition challenges the same state court judgment as challenged in *Uhuru I*. *Brown*, 889 F.3d at 667; *Magwood*, 561 U.S. at 333. Petitioner has not shown that he has received authorization from the Court of Appeals authorizing the district court to consider this second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly, this petition must be dismissed. *Id.*

## CONCLUSION

The Court DISMISSES this petition for a writ of habeas corpus both for lack of federal habeas jurisdiction and as second or successive and for failure to obtain authorization from the Court of Appeals authorizing the district court to consider this second or successive petition. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of Respondent and against Petitioner, deny all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated: January 23, 2023



_____
JON S. TIGAR
United States District Judge